IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MCKEON, | ) | |
| | ) | |
| Plaintiff, | ) | 14 CV 2084 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| THE CITY OF MORRIS and MORRIS | ) | |
| POLICE OFFICERS DUSTIN SEALE | ) | |
| (STAR #111) and PAUL BURKE | ) | |
| (Star #122), | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael McKeon brings this 42 U.S.C. § 1983 suit against the City of Morris and two of its police officers, Dustin Seale and Paul Burke, for injuries sustained during an arrest. Defendants have moved for summary judgment on all six counts. The Court grants the motion with respect to Counts II and III, but finds sufficient disputes of material fact to deny the motion as to the other four counts.[1]

## Factual Background

The following facts are undisputed unless noted otherwise. On October 17, 2013, McKeon's wife, Patricia Adams, called 911 from a motel parking lot and told the operator that McKeon was trying to physically attack her. *See* Defs.' L.R. 56.1(a)(3) Stmt. ¶¶ 24–25, ECF No. 58. Morris police officers Burke and Seale

---

[1] Each side has also filed a motion to bar the testimony of the opposing party's expert. The Court rules on those motions in a separate opinion.

1

arrived on the scene in response to the call. *Id.* ¶ 24. After questioning him and searching his motel room, the officers began to arrest McKeon. *Id.* ¶¶ 30–33.

What happened next is the central dispute in this case. The officers allege that McKeon continued to yell at Adams during the arrest. *Id.* ¶¶ 30, 33. As Seale tried to place McKeon in handcuffs, McKeon locked his arms out, attempted to pull away, and turned aggressively toward Seale. *Id.* ¶ 37. In response, Seale says he put his leg out and twisted McKeon to the ground, who landed on his knee. *Id.* ¶ 47.

McKeon admits that he did not put his arms behind his back when Seale instructed him to do so and, instead, locked out his arm. Pl.'s L.R. 56.1(b)(3)(C) Stmt. ¶¶ 3–4, ECF No. 62. McKeon denies pulling away or turning aggressively toward Seale. Pl.'s Resp. to Defs.' L.R. 56.1 Stmt. ¶ 14, ECF No. 63. McKeon says he then felt a blow one inch below his left kneecap and was brought down to the ground by Seale. Pl.'s L.R. 56.1(b)(3)(C) Stmt. ¶¶ 5–6.

Seale is highly trained in Ryukyu Kempo, a Japanese martial art that focuses on striking pressure points in an opponent's body, including pressure points around the knee. *Id.* ¶¶ 15–17.

McKeon was taken to a hospital that night where he was diagnosed with a left proximal tibia fracture and a left proximal fibula fracture. Defs.' L.R. 56.1(a)(3) Stmt. ¶ 57. After the injury, McKeon developed other health problems with his left leg, including compartment syndrome and numbness. Pl.'s L.R. 56.1(b)(3)(C) Stmt. ¶¶ 26–34.

2

McKeon pleaded guilty to resisting arrest during his October 17 interaction with the police. *Id.* ¶ 40.

In Counts I and II, McKeon alleges excessive use of force by Seale and failure to intervene by Burke. Counts III and IV present state law claims for assault and battery against Seale. In Count V, McKeon seeks to have the City of Morris indemnify the officers pursuant to 745 Ill. Comp. Stat. 10/9-102. In Count VI, McKeon seeks recovery from Morris for the alleged actions of Seale and Burke under a *respondeat superior* theory.

## **Legal Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court gives "the non-moving party the benefit of conflicts in the evidence and reasonable inferences that could be drawn from it." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 794 (7th Cir. 2013). In order to survive summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "must establish some genuine issue for trial such that a reasonable jury could return a verdict in her favor," *Gordon v. FedEx Freight, Inc.*, 674 F.3d 769, 772–73 (7th Cir. 2012).

## Analysis

### I. Failure to Intervene and Assault Claims

Defendants moved for summary judgment on Counts II and III, the failure to intervene claim against Burke and the assault claim against Seale respectively. Plaintiff has conceded that both claims should be dismissed. *See* Pl.'s Resp. Mot. S.J. at 15, ECF No. 64. Accordingly, the Court dismisses Counts II and III. Because Burke was named only in Count II, he is dismissed as a defendant.

### II. Excessive Force Claim

In Count I, McKeon alleges that Seale used excessive force in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. The force that may be reasonably used to effectuate an arrest depends on the specific circumstances of the arrest, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989). The test for determining whether the force applied was reasonable is an objective one. *See id.* at 397.

Defendants contend that, even taking all inferences in favor of McKeon, the circumstances of the arrest are sufficient to hold that the force Seale used was reasonable. *See* Defs.' Mem. Supp. S.J. at 4–12, ECF No. 57. McKeon, on the other hand, argues that there are various material facts in dispute. In particular, he argues that there are disputes about (1) whether Seale kicked McKeon or merely twisted him to the ground and (2) how much of a threat McKeon posed when he

4

resisted. When viewed in the light most favorable to himself, McKeon contends that the facts surrounding his arrest show that Seale used unreasonable force.

Determining the force used is a key component in any excessive force suit. Here, Defendants contend that there is no evidence that McKeon was kicked. *See* Defs.' Mem. Supp. S.J. at 7 ("While his Complaint alleged that he was kicked, his testimony establishes that he was not kicked."); Defs.' Reply at 9, ECF No. 72 ("There is simply no evidence that Officer Seale kicked Plaintiff."). Contrary to Defendants' contention, McKeon testified that he felt a blow to his leg and then fell to the ground. *See* Pl.'s Stmt. Addt'l Facts ¶ 5. And although Seale denies kicking McKeon's leg and the triage nurse testified that McKeon's initial description was more consistent with a trip than a kick, it is for the jury to decide which version of the events to believe. At this stage, McKeon's own testimony requires, for purposes of determining the reasonableness of the force used, that the Court assume it was Seale's kick that broke McKeon's leg.

Next, the reasonableness of Seale's actions also depends on McKeon's behavior during the arrest. That determination rests not only on whether McKeon resisted arrest, but on how he did so. *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 527 (7th Cir. 2012) (holding that passive non-compliance does not make a "substantial escalation of force" reasonable). McKeon admits that he did not fully cooperate with the officers and locked his arm out while Seale was trying to arrest him. *See* Pl.'s Resp. to Defs.' L.R. 56.1 Stmt. ¶ 14. Defendants allege that McKeon did more than that. According to the officers, McKeon attempted to pull away from Seale and he

5

turned toward Seale in an aggressive manner. *See* Defs.' L.R. 56.1(a)(3) Stmt. ¶ 37. Defendants argue that McKeon cannot dispute that his resistance included turning aggressively toward Seale because he pleaded guilty to resisting a peace officer. Defendants' argument is based on the doctrines of collateral estoppel and *Heck v. Humphrey*, 512 U.S. 477 (1994).

Defendants first argue that McKeon is collaterally estopped from arguing that his resistance was passive because the issue was conclusively decided in his criminal case. In determining whether an issue is precluded, the district court must look to the underlying state law standard. *Brown v. City of Chi.*, 599 F.3d 772, 774 (7th Cir. 2010). Under Illinois law, a litigant is estopped from raising an issue from a previous preceding if "(1) the party against whom the estoppel is asserted was a party to the prior adjudication, (2) the issues which form the basis of the estoppel were actually litigated and decided on the merits in the prior suit, (3) the resolution of the particular issue was necessary to the court's judgments, and (4) those issues are identical to issues raised in the subsequent suit." *Wells v. Coker*, 707 F.3d 756, 761 (7th Cir. 2013) (quoting *Wozniak v. DuPage Cty.*, 845 F.2d 677, 682–83 (7th Cir. 1988)).

During McKeon's guilty plea proceedings, his attorney stipulated that if Seale had testified he would have stated that McKeon actively resisted arrest by "locking his arms out, attempting to pull away, and turning toward Officer Seale in an aggressive manner." *See* Tr. Criminal Case at 12:23–13:2, Defs.' L.R. 56.1(a)(3) Stmt., Ex. 18. McKeon then pleaded guilty to the offense of resisting a peace officer.

6

*See id.* at 13:6–9. Defendants contend that the stipulation in conjunction with the guilty plea preclude McKeon from asserting that he did not turn toward Seale in an aggressive manner. The Illinois Supreme Court, however, takes a very strict view of issue preclusion: "[I]t is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling." *Kessinger v. Grefco, Inc.*, 672 N.E.2d 1149, 1156 (Ill. 1996); *see also Wells*, 707 F.3d at 762. Given this approach, collateral estoppel does not apply when "there are multiple independent bases that could be sufficient to support the outcome in an earlier case." *See Wells*, 707 F.3d at 762.

The facts in this case are strikingly similar to *Wells*. In that case, the court in the criminal case read Wells the factual basis of the offense: discharging a firearm in the air and then pointing the gun at an officer. *See id.* at 759. After reading the facts alleged, Wells pleaded guilty to the charge of reckless conduct. *See id.* The court in Wells' civil case held that, because there were two sufficient bases for the conviction, Wells was not precluded from arguing that he did not point his gun at the officer. *See id.* at 761–62. Here, because it was sufficient for the conviction to find that McKeon locked his arm, he is not precluded from arguing that he did not aggressively turn towards Seale.

Defendants' attempts to distinguish *Wells* are unavailing. First, *Johnson v. Reiter*, 2015 WL 6674531 (N.D. Ill. Oct. 30, 2015), a case Defendants urge the Court to follow, did not present the same factual scenario as in this case and in *Wells*. As the court in *Johnson* admits, the "guilty plea did not rest on two alternative

7

grounds." *Id.* at *7. Instead, the factual basis for the conviction was that Johnson pointed a gun at an officer. Without that allegation, he could not have been convicted of the underlying crime. *See id.* ("Without Johnson's concession that he pointed his gun at Officer Reiter, there is no factual basis for Count 3."). That alone makes the case different from *Wells* and McKeon's conviction, in which the facts mentioned at the criminal hearing contained multiple sufficient reasons for the conviction.

In a separate but similar argument, Defendants contend that McKeon's § 1983 claim would necessarily invalidate McKeon's criminal conviction in violation of *Heck*. But McKeon's excessive force claim does not negate or deny the fact that he resisted arrest. Rather, McKeon contends that Seale's leg-breaking kick was not a reasonable response to his resistance—which he alleges consisted only of locking his arm to prevent Seale from handcuffing him. *See VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006) ("Were we to uphold the application of *Heck* in this case, it would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages."). Because a favorable result for McKeon in this case is not incompatible with his criminal conviction, the *Heck* bar is inapplicable.

The two disputes—whether Seale kicked McKeon and whether McKeon turned aggressively toward Seale—are questions for the jury to decide. Accordingly, Defendants' motion for summary judgment on the excessive for claim is denied.

8

### III. Battery Claim

McKeon's battery claim draws upon the same set of allegations as his § 1983 excessive force claim. A battery is the unauthorized touching of the person of another. *Fiala v. Bickford Sr. Living Grp., LLC*, 43 N.E.3d 1234, 1240 (Ill. App. Ct. 2015). For the reasons discussed above, the record contains facts that, if accepted, would meet this definition. Defendants make no further argument with respect to the battery claim other than the arguments addressed above. Thus, the Court denies Defendants' motion as to Count IV.

### IV. The Vicarious Liability Claims

In Count V, McKeon demands that Morris indemnify its officers for their actions. In Count VI, McKeon seeks damages from Morris under a *respondeat superior* theory.[2] Defendants' only argument in their motion for summary judgment as to Counts V and VI is that, if the other Counts are dismissed, the vicarious liability claims should also be dismissed. *See* Defs.' Mem. Supp. S.J. at 14. Because the motion is denied with respect to the excessive force and battery claims, Counts V and VI will go forward.

---

[2] Although McKeon's complaint is not clear on the matter, the Court interprets the *respondeat superior* claim as arising from his battery claim rather than the § 1983 claim. Municipalities like the City of Morris cannot be held liable under § 1983 solely on the grounds of *respondeat superior*. *See Rossi v. City of Chi.*, 790 F.3d 729, 737 (7th Cir. 2015).

## **Conclusion**

For the reasons stated herein, the Court grants the motion for summary [56] judgement as to Counts II and III. Burke is dismissed as a defendant. The motion is denied in all other respects.

**IT IS SO ORDERED.**          **ENTERED   9/26/16**

_____
**John Z. Lee
United States District Judge**